IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

NATHAN CURTIS,                          :

    Petitioner,                     :
                                 CIVIL ACTION 14-0379-CG-M

v.                                      :
                               CRIMINAL ACTION 12-00287-CG-M

UNITED STATES OF AMERICA,               :

    Respondent.                     :

<u>REPORT AND RECOMMENDATION</u>

Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 29). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of the Rules Governing Section 2255 Cases.  It is now ready for consideration.  The record is adequate to dispose of this matter; no evidentiary hearing is required.  It is recommended that Petitioner's Motion to Vacate (Doc. 29) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Nathan Curtis.  It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

1

Curtis was indicted on November 28, 2012 for being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Doc. 1).  On May 23, 2013, Petitioner pled guilty to the charge against him (*see* Doc. 19).  On August 28, 2013, United States District Judge Granade sentenced Petitioner to eighty-seven months in prison on the conviction, as well as three years of supervised release following his release from prison, and an assessment of one hundred dollars (*see* Doc. 27).  Curtis did not appeal his conviction (Doc. 29, p. 2).

Petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on August 4, 2014 in which he raised the following claims:  (1) His sentence was improperly enhanced; and (2) his Attorney rendered ineffective assistance (Doc. 29).  Respondent filed a response on October 10, 2014 (Doc. 32).  Though given the opportunity to file a reply, Petitioner has not done so (*see* Doc. 31).

Curtis's first claim is that his sentence was improperly enhanced with a four-point adjustment for committing an aggravated assault.  Specifically, Petitioner argues that because he does not have a conviction for aggravated assault, the enhancement was improper (Doc. 29, p. 5).

The Court first notes that this claim is not constitutional and, therefore, not cognizable in this action because it was not

raised on appeal. *Stone v. Powell*, 428 U.S. 465, 477 n.10 (1976) ("The writ of habeas corpus and its federal counterpart, 28 U.S.C. § 2255, 'will not be allowed to do service for an appeal.' For this reason, nonconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings") (citations omitted). Curtis has provided no explanation as to why this claim was not raised on appeal or how *Stone* is inapplicable in light of that failure.

The Court would further note that the sentence enhancement is not dependent on a criminal conviction under the United States Sentencing Guidelines. Specifically, the Guidelines state that "[i]f the Defendant . . . [u]sed or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase [the sentencing level] by 4 levels." USCG, § 2K2.1(b)(6)(B). The comments to that section state that "'[a]ny felony offense,' for purposes of subsection (b)(6)(B), means any Federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." USCG, § 2K2.1

3

cmt. n. 14(C).  The Court further notes that, in *United States v. Sako*, 277 Fed.App'x. 853, 854-55 (11th Cir. 2008) (unpublished), the Eleventh Circuit Court of Appeals upheld this sentencing provision, even though the state charge in that case on which it was based had been dismissed.

The Court finds that Petitioner's first claim is improperly brought in this action because it was not raised on appeal.  The Court further finds that the claim has no merit.  Therefore, it is recommended that the claim be denied.

Curtis has also raised the claim that his Attorney rendered ineffective assistance of counsel in not raising the claim that his sentence had been improperly enhanced on appeal.  In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court defined the showing a habeas petitioner must make to prevail on an ineffective assistance claim:

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the sixth amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown

4

> in the adversary process that renders the
> result unreliable.

*Id.* at 687.

The Court previously found that Curtis's claim that his sentence was improperly enhanced was without merit. As such, his Attorney was not deficient in not raising a claim that had no merit. Furthermore, Petitioner can demonstrate no prejudice in his attorney's decision not to raise the claim on appeal. Therefore, the Court finds that this claim has no merit and recommends that it be denied.

Curtis has raised two claims in this petition. Both are without merit. Therefore, it is recommended that the petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Nathan Curtis.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a

circuit justice or judge issues a COA.  28 U.S.C. § 2253(c)(1).
A COA may issue only where "the applicant has made a substantial
showing of the denial of a constitutional right."  28 U.S.C. §
2253(c)(2).  When the merits of a claim are reached, a COA
should issue only when the petitioner demonstrates "that
reasonable jurists would find the district court's assessment of
the constitutional claims debatable or wrong." *Slack v.
McDaniel*, 529 U.S. 473, 484 (2000).  Inasmuch as the Court has
found that Curtis has failed to assert sufficient facts to
support a claim of constitutional error, "[t]he petitioner must
demonstrate that reasonable jurists would find the district
court's assessment of the constitutional claims debatable or
wrong." *Slack*, 529 U.S. at 484.  It is suggested that Curtis
will not be able to make that showing.

CONCLUSION

It is recommended that Petitioner's Motion to Vacate, Set
Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 29) be
denied.  It is further recommended that any certificate of
appealability filed by Petitioner be denied as he is not
entitled to appeal *in forma pauperis*.

<u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 22nd day of January, 2015.


                    s/BERT W. MILLING, JR.
                    UNITED STATES MAGISTRATE JUDGE